# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **GARY TED AMES,** <br><br> **Defendant.** | **CR 12-97-BLG-JDS-01** <br><br> **ORDER** |

## INTRODUCTION

Defendant Gary Ted Ames (Ames) is charged with one count of Felon in Possession of Firearm under 18 U.S.C. § 922(g). Ames has moved to suppress evidence obtained in the search of his car. Namely, a loaded .38 caliber pistol. After reviewing the briefs, the Court concludes that there is a sufficient factual record and is prepared to rule absent a hearing.

# FACTUAL BACKGROUND

On July 4, 2012, law enforcement received a report that a white truck was driving erratically on Interstate 90. Thereafter, Bureau of Indian Affairs (BIA) Officer Cameron Tobacco (Officer Tobacco) located a white 1996 Dodge pickup that was crossing over the center line. Officer Tobacco suspected the driver was intoxicated so he attempted to stop the vehicle at mile marker 518 with his emergency lights, but the vehicle did not stop. Officer Tobacco temporarily stopped the pursuit of the truck, but after approximately 45 minutes, the truck was nearing the Wyoming state line. At that point, Big Horn County Sheriffs Deputy Robert Wetzel (Deputy Wetzel) was dispatched to assist Officer Tobacco. With the assistance of the Wyoming State Highway Patrol, the truck was stopped and Ames was ordered out of the truck at gun point. When asked why he did not stop Ames responded that he did not know they wanted him to stop. Ames was handcuffed and placed in Deputy Wetzel's patrol car. Law enforcement searched the passenger compartment of Ames' truck finding, among other things, several packages of prescription medication, two pipes, a seven day pill dispenser, three knifes, and a loaded .38 caliber pistol in a black leather bag.

Ames was asked by law enforcement if he had been drinking alcohol before driving. Ames stated that he did not drink. Ames admitted to taking medications prescribed following a recent surgery and agreed to undertake Standard Field

Sobriety Tests (SFST). Ames performed poorly on the SFSTs and was placed under arrest for suspicion of DUI.

Thereafter, Task Force Officer Stephen Feuerstein was informed that law enforcement found a loaded gun in Ames' truck. A criminal history check was undertaken and Ames was believed to be a convicted felon.

## DISCUSSION

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Thus, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) (internal quotation marks omitted). Among these exceptions are the "automobile exception," id. at 347 (citing *United States v. Ross*, 456 U.S. 798, 820–21, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)), and the "protective search" exception, which "permits an officer to search a vehicle's passenger compartment when he has reasonable suspicion that an individual ... is 'dangerous' and might access the vehicle to 'gain immediate control of weapons.'" *Id.* at 346–47 (quoting *Michigan v. Long*, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)).

Defendant relies on the case of *Arizona v. Gant*. In *Gant,* the Supreme Court

held that a search incident to arrest may only include the arrestee's person and the area within his immediate control. *Id.* at 339. The Supreme Court reasoned that if there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception to the warrant requirement, namely protecting arresting officers and safeguarding any evidence of the offense of arrest that an arrestee might conceal or destroy, are absent, and thus the exception does not apply. *Id.* This limitation, Ames argues, makes the search of the black bag containing the pistol while he was detained, unlawful.

However, the *Gant* Court also concluded that, "circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id.* at 343 (internal quotation and citation omitted). The Government points out, as it relates to the offense of arrest, there may be a basis to search the passenger compartment *and* any containers found there. *Id.* at 344.

In the present case, the officers suspected Ames of driving while intoxicated. The pickup was strewn with prescription pills and Ames appeared impaired to law enforcement. The Government argues it is reasonable for officers to suspect the black bag in the passenger compartment contained drugs or alcohol germane to the charge of driving under the influence.

The Court finds it was reasonable for the officers to believe the black bag

contained evidence relevant to the crime of arrest– driving under the influence of drugs or alcohol.  Consequently, law enforcement had a legitimate basis to search therein.

## CONCLUSION

For the foregoing reasons

IT IS ORDERED that Ames' Motion to Suppress (Doc. No. 29) is **DENIED.**

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 5th day of August, 2013.

/s/ Jack D. Shanstrom
JACK D. SHANSTROM
Senior U.S. District Judge